United States District Court
Southern District of Texas
**ENTERED**
April 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARBJEET SINGH, A# 208-188-590, | § § | |
| *Petitioner*, | § § | |
| v. | § § § | Civil Action No. H-22-3432 |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et. al.*, | § § § § | |
| *Respondents.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Sarbjeet Singh, filed a *pro se* writ of habeas corpus under 28 U.S.C. § 2241 alleging that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") violates his due process rights. The respondents filed an answer, arguing that the petition lacks merit and should be dismissed. (Docket Entry No. 12.) Despite expiration of a reasonable period of time in excess of over four months, petitioner has not filed a response in opposition.[1]

Having considered the petition, the answer, the exhibits, and the applicable law, the Court **DENIES** petitioner's habeas petition and **DISMISSES** this lawsuit for the reasons explained below.

---

[1] Petitioner mailed a letter to the Court on March 30, 2023, reiterating his request for release from detention. He presented no argument opposing the respondents' grounds for denial of relief. (Docket Entry No. 13.)

## I. BACKGROUND AND CLAIMS

The respondent's answer and exhibits show that petitioner was arrested in July 2015 by the Department of Homeland Security ("DHS") and charged as removable for lack of a valid visa. Petitioner posted a $30,000.00 bond and was released from ICE custody on August 27, 2015.

While released on bond, petitioner was convicted of assault in 2018 and 2021. The convictions violated petitioner's bond, and ICE revoked the bond in October 2021 and returned petitioner to immigration detention. On May 9, 2022, an immigration judge ordered petitioner removed; petitioner's appeal of that order to the Board of Immigration Appeals ("BIA") remains pending. As a result, there is no administratively final order of removal in petitioner's case and he currently remains detained pursuant to 8 U.S.C. § 1226. Petitioner argues that his continued detention violates his due process rights and that he should be released.

## II. ANALYSIS

A.  Non-Final Removal Order

As correctly argued by the respondents, petitioner's current detention is lawful under 8 U.S.C. § 1226. Contrary to petitioner's allegations, he is not being detained under 8 U.S.C. § 1231; the pendency of his appeal before the BIA means that his removal order is not yet final. *See* 8 U.S.C. § 1229a(c)(5); § 1231; § 1252(b); 8 C.F.R. § 1240.15. Rather, petitioner's detention is governed by section 1226 while his removal proceedings remain ongoing. *See*

*Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (summarizing statutory provisions governing the custodial status of aliens in both pre-removal order and post-final removal order cases); *see also Jennings v. Rodriguez*, ___U.S. ___, 138 S.Ct. 830, 837 (2018) ("Section 1226 generally governs the process of arresting [deportable aliens] pending their removal."). A noncitizen's detention during removal proceedings is a constitutionally permissible part of the immigration process. *Denmore v. Kim*, 538 U.S. 510, 531 (2003).

As shown above, petitioner's circumstances changed drastically between his release on bond in 2015, and his re-arrest and detention in October 2021. Specifically, petitioner was twice arrested and convicted for domestic violence assault in 2017 and 2018. These convictions constitute a material change in circumstances under 8 U.S.C. § 1226(b), because they are a material change relating to the question of whether petitioner is a danger, and thus whether he is entitled to be released from immigration custody on bond. 8 U.S.C. § 1226(b); see also 8 C.F.R. §§ 236.1(c)(8), (g). Petitioner's re-arrest and return to immigration custody were consistent with 8 U.S.C. §§ 1226(a) and (b); consequently, his detention is lawful and he is not entitled to release.

B.   Failure to Exhaust

Immigration habeas petitioners must exhaust administrative and judicial remedies available to them prior to seeking habeas relief through the district courts under 28 U.S.C. § 2241. *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000); *see also Wang v. Ashcroft*, 260, F.3d 448, 452–53 (5th Cir. 2001). In the instant case, petitioner has not exhausted his

3

available remedies for challenging his current detention. Specifically, he can request a bond hearing before an immigration judge to challenge his re-arrest and current detention. *See* 8 C.F.R. §§ 1003.19(c)(1)–(3), 1236.1(d)(1). Petitioner has made no such request following his re-detention on October 12, 2021, and habeas relief is unwarranted.

C. <u>Current Confinement</u>

Petitioner further claims that his current detention violates the Fifth Amendment. He is incorrect. To the extent petitioner argues that his detention is impermissible because it is indefinite, he is incorrect because he remains in removal proceedings. Once those proceedings are completed, he will either be released or removed from the United States. Consequently, petitioner's current detention cannot be characterized as indefinite. *See Kim*, 538 U.S. at 531(finding detention during removal proceedings constitutional); *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (unpublished) (finding alien's detention prior to final removal order was not indefinite even though a precise end-date to proceedings could not be pinpointed).

Moreover, to the extent petitioner is claiming that his detention has become unconstitutionally prolonged without due process of law, his argument again fails because he has not availed himself of the process available to him by requesting a bond hearing before the immigration court. *See* 8 C.F.R. §§ 1003.19(c)(1)–(3), 1236.1(d)(1).

## III. CONCLUSION

For the above reasons, petitioner's habeas petition is **DENIED** and this lawsuit is **DISMISSED WITHOUT PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on _____APR 2 6 2023_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE